IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

_____

| | |
|---|---|
| SHAWN KAESTNER, | Cause No. CV 12-78-H-DLC-RKS |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| WARDEN LEROY KIRKEGARD, | |
| Respondent. | |

_____

This case comes before the Court on Petitioner Kaestner's petition for writ of habeas corpus under 28 U.S.C. § 2254. Mr. Kaestner is a state prisoner proceeding pro se. His Amended Petition, filed on November 6, 2012, seeks monetary damages for each day he is held beyond his correct discharge date. It appears he has now discharged that sentence. *See* Pet. (doc. 1) at 1; *see also* CONWeb, https://app.mt.gov.conweb (accessed Feb. 1, 2013).

"Claims that do not call into question the lawfulness of conviction or confinement or challenge the fact, length, or conditions of the petitioner's custody or seek immediate or speedier release are not cognizable." *Bailey v. Hill*, 599 F.3d 976, 980 (9th Cir. 2010) (quoting 1 Randy Hertz & James S. Liebman, *Federal Habeas*

1

*Corpus Practice and Procedure* § 9.1, at 438 & n.6 (5th ed. 2005)) (internal brackets and quotation marks omitted). Money damages are not available in a habeas action. In addition, given Mr. Kaestner's discharge, this Court could not order his "immediate or speedier release." Consequently, any injury Mr. Kaestner may have suffered can no longer "be redressed by a favorable judicial decision." This action is moot. U.S. Const. Art. III, § 2; *Spencer v. Kemna*, 523 U.S. 1, 7 (2001) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)).

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. Where a claim is dismissed on procedural grounds, a COA should issue if "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Lambright v. Stewart*, 220 F.3d 1022, 1026 (9th Cir. 2000) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, it is clear that the action is moot. Neither this Court nor the Court of Appeals has jurisdiction to hear the petition. A COA is not warranted.

Based on the foregoing, the Court enters the following:

**ORDER**

1. The Amended Petition (doc. 7) should be DISMISSED AS MOOT.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Kaestner may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. If Mr. Kaestner files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding; and he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude Mr. Kaestner from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Kaestner must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 4th day of February, 2013.

       /s/ Keith Strong  
    Keith Strong  
    United States Magistrate Judge